**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JEMACO, LLC, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 2:16-CV-00060-JRG |
| GRACO CHILDREN'S PRODUCTS INC., | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Graco Children's

Products Inc. ("Graco") hereby moves this Court to dismiss the Complaint filed by Plaintiff

Jemaco, LLC ("Plaintiff" or "Jemaco") on June 16, 2016 (Dkt. 1, hereinafter "Complaint"), for

failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION

Jemaco's bare bones Complaint for direct patent infringement fails to satisfy the pleading

standards of Federal Rule of Civil Procedure 8, as elucidated by the U.S. Supreme Court in *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Among its several shortcomings, the Complaint alleges that Graco has infringed Jemaco's

"Convertible Stroller" patent with unnamed products and with regard to unspecified patent

claims. The Complaint also fails to state how the scope of the specifically identified patent

claims cover any of the named Graco products and uses broad product names that apply to

various stroller models—leaving Graco to guess the basis and scope of Jemaco's infringement

1

allegations. Finally, the Complaint concludes that "Graco's infringement was willful, as Graco had actual knowledge of the . . . patent," and on that basis alone seeks enhanced damages pursuant to 35 U.S.C. § 285. Not only is Graco's knowledge insufficiently pled, but even if knowledge were properly pled, knowledge alone is not enough to support a claim for enhanced damages. For all of these reasons, Jemaco's Complaint does not meet the minimum pleading standards required under Rule 8, and Graco respectfully urges that it be dismissed.

## II.   BACKGROUND

### A.   Procedural Background

Jemaco filed its Complaint against Graco asserting infringement of U.S. Patent No. 5,839,748 ("the '748 patent") on June 16, 2016. (Dkt. 1.) That same day, Jemaco filed two other cases in this Court asserting infringement of the same patent; the defendants in those cases are Baby Trend Inc. (Case No. 2:16-cv-00658) and Good Baby US Holdings, Inc. (Case No. 2:16-cv-00659).

Graco was served with the Complaint in this case on June 30, 2016.

### B.   U.S. Patent No. 5,839,748 ("the '748 Patent")

Jemaco asserts that it owns, and Graco has infringed its rights in, the '748 patent, entitled "Convertible Stroller," which issued November 24, 1998. Paragraph 8 of the Complaint describes the claims of the '748 patent as disclosing "a child stroller which is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing position. In the sitting condition, a seat precludes a child from standing on the step." (Compl. ¶ 8.) The Complaint alleges that Graco has infringed claims 1 and 13 (Compl. ¶¶ 11-13), but also states that Graco

2

may have infringed other of the '748 patent's 16 claims, without specifically identifying which ones (Compl ¶ 11 ("Graco has infringed *at least* claim 1 and 13" (emphasis added))). Claim 1 states "[w]hat is claimed is":

> A child stroller which is convertible between a sitting condition, in which it is adapted to carry a child in a normal sitting position, and a standing condition, in which it is adapted to carry a child in a standing position, comprising:
>> a frame;
>> a plurality of wheels rotatably mounted to the frame, the wheels supporting the frame above the ground when they are in contact with the ground;
>> a seat which in the stroller's sitting condition is secured to the frame generally horizontally at a height above the ground sufficient to enable a child to sit upon the seat in a normal sitting position; and
>> a step which in the stroller's standing condition is secured to the frame generally horizontally at a height above the ground which is lower than the height of the seat in the stroller's sitting condition,
>> wherein in said sitting condition said seat is disposed so as to preclude a child from standing on said step.

(Compl. Ex. A 3:59-4:13.) Claim 13 states "[w]hat is claimed is":

> A child stroller having a seat and a step below the seat, the seat being moveable from a position where it precludes a child from standing on the step to a position in which a child may stand upon the step without interference by the seat.

(Compl. Ex. A 4:51-55.)

### C.    Allegations of Infringement

Jemaco's allegations of infringement are contained in Complaint ¶¶ 11-13 and 15, the pertinent portions of which are recited below.

Paragraph 11 provides the Complaint's sole references to specific Graco products and states:

> 11.    Without license or authorization and in violation of 35 U.S.C. § 271(a), Graco has infringed at least claim 1 and 13 of the '748 patent by making, using, importing, offering for sale, and/or selling a stroller that is convertible between a sitting condition, which is adapted to carry a child in a normal sitting position, and a standing condition, which is adapted to carry a child in a standing position, and where a seat precludes a child from

> standing on the step, **including the Ready2Grow line of strollers including Ready2Grow Click Connect, Ready2Grow Clock [sic] Connect LX and Ready2Grow Classic Connect, as well as the Modes Duo Stroller** (collectively "Accused Graco Strollers").

(Compl. ¶ 11 (emphasis added).) There are various models of strollers that are branded with these names (assuming "Clock" is intended to be "Click"), including multiple models by the same name. Jemaco does not identify any model numbers in its Complaint.

Paragraphs 12 and 13 purport to identify the infringing features of Graco's strollers by paraphrasing and numbering the elements of '748 patent claims 1 and 13, stating:

> 12.     More specifically, each of the Accused Graco Strollers meets all of the limitations of Claim 1 as it includes (1) a frame; (2) a plurality of wheels rotatably mounted to the frame, the wheels supporting the frame above the ground when they are in contact with the ground; (3) a seat which in the stroller's sitting condition is secured to the frame generally horizontally at a height above the ground sufficient to enable a child to sit upon the seat in a normal sitting position; (4) a step which in the stroller's standing condition is secured to the frame generally horizontally at a height above the ground which is lower than the height of the seat in the stroller's sitting condition; and (5) a seat which, when the stroller is in a sitting condition, precludes a child from standing on the step.

> 13. Further, each of the Accused Graco Strollers also meets all of the limitations of Claim 13 as it is a child stroller that includes (1) a seat; and (2) a step below the seat; (3) where the seat is moveable from a position where it precludes a child from standing on the step to; (4) a position in which a child may stand on the step without interference by the seat.

(Compl. ¶¶ 12-13.) The Complaint contains no pictures or diagrams of Graco strollers, and no features of Graco strollers are specifically identified or likened to the elements of the patent claims.

Finally, Complaint ¶ 15 asserts upon information and belief that "Graco had actual knowledge of the '748 patent." (Compl. ¶ 15.) The Complaint does not indicate a time at which Graco purportedly had or gained knowledge of the patent, what that knowledge may have consisted of, or how that knowledge may have been gained.

4

## III.   LEGAL STANDARD

### A.    Rule 12(b)(6) Standard

To survive a motion to dismiss, a complaint must clearly show that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), the Court may dismiss a complaint that fails to "state a claim under which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6); *see also OIP Techs. Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). A motion to dismiss should be granted if the complaint and any documents attached to it do not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012) (same); *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (indicating documents to be considered on a motion to dismiss). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 554); *see also id*. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554. At bottom, the plaintiff's claim must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Id*. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the non-moving party, and the facts alleged by the non-moving party are accepted as true. *Bowlby*, 681 F.3d at 218.[1] But a court need not accept as true the complaint's "legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Further, a court need not accept as true allegations that are made purely on information and belief. *See*, *e.g.*, *Twombly*, 550 U.S. at 551, 564-70 (affording no weight to the conclusory allegation that "upon information and belief" companies had entered a conspiracy, absent supporting facts to make that statement plausible).

## B.     Patent Infringement Claims

A patent is directly infringed by the making, using, selling, or offering for sale, within the United States, or the importing into the United States, during the term of the patent, the invention defined by a patent's claims, without the patent owner's authority. 35 U.S.C. § 271(a). All patent complaints filed after December 1, 2015, are subject to the "normal" pleading standards of Rule 8(a). Or. Amending Fed. R. Civ. P. (U.S. Apr. 29, 2010); *see also Ruby Sands LLC v. Am. Nat. Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, *2 (June 28, 2016) (describing abrogation of Rule 84 and change from form-based pleading of direct patent infringement). Prior to its recent abrogation, Rule 84 of the Federal Rules of Civil Procedure provided that form pleadings automatically satisfy the pleading requirements of Rule 8(a). Accordingly, compliance

---

[1] Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.").

with Form 18 for claims of direct patent infringement "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Form 18 pleadings in patent cases required only the following to state a claim for direct infringement: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, or using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Given the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims. *See Ruby Sands*, 2016 WL 3542430 at *2. Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Ruby Sands*, 2016 WL 3542430 at *2; *Bowlby*, 681 F.3d at 217.

## IV.    ARGUMENT AND CITATION OF AUTHORITIES

### A.    Jemaco's Claims of Infringement Directed to Unidentified Products and Regarding Unidentified Patent Claims Fail to Meet Required Pleading Standards.

Rule 8 does not countenance allegations of infringement against unidentified products, *see, e.g.*, *Round Rock Research, LLC vs. Oracle Corp.*, No. 4:11-CV-332, 2011 WL 5837246, *1 (E.D. Tex. Nov. 21, 2011); yet Jemaco alleges that Graco has infringed the '748 patent with an indefinite number and type of different strollers by stating that the infringing products "include"—but are not limited to—those listed (Compl. ¶ 11). Indeed, by alleging that Graco has

infringed the '748 patent "by making, using, importing, offering for sale, and/or selling [strollers] . . . *including*" those identified by name, Jemaco has placed the onus on Graco to guess which products are accused of infringement—a task Rule 11 required Jemaco to undertake before filing its lawsuit. Such pleading also undermines Defendants' ability to identify documents and employees that may have relevant information, impeding their ability to make informed judgments and issue timely and fully informed instructions about the preservation of documents and other data, undertake meaningful analysis of Jemaco's claims, and collect relevant documents for production. This is the precise sort of situation *Twombly* and *Iqbal* sought to prevent.

This Court has dismissed equally deficient complaints. For example, in *Prompt Medical System, L.P. v. AllScriptsMisys Healthcare Solutions, Inc.*, No. 6:10-cv-71, 2011 WL 12863577, *1 (E.D. Tex. Feb. 11, 2011), the court held that the plaintiff's "identification of 'and/or other products' [in addition to two specifically named products] does not inform Defendants as to what other products are accused" and on that basis must be dismissed.[2] Likewise, in *Round Rock Research, LLC vs. Oracle Corp.*, the court dismissed claims against unnamed products (identified by the word "including") because they failed to meet Federal Rules' pleading requirements. *See* No. 4:11-CV-332, 2011 WL 5837246, *1 (E.D. Tex. Nov. 21, 2011); *id.*, 2011 WL 11761563 (E.D. Tex. Oct. 25, 2011) (Report and Recommendation adopted by district court on Nov. 21, 2011).

Indeed, even for those products Jemaco identifies by name (*e.g.*, "Ready2Grow Click

---

[2] These cases applied the more liberal direct infringement pleading standards of Form 18, which were abrogated by the December 2015 amendments to the Federal Rules of Civil Procedure. Yet even under these more liberal pleading standards, an attempt to accuse unidentified products of infringement was found to fall short of minimum pleading requirements.

Connect" and "Ready 2Grow Clock [sic] Connect LX") (Compl. ¶ 11), there are multiple different models, which Jemaco does not specifically identify. Graco has no way to determine which of the models that bear these names are accused.

Finally, Jemaco attempts to leave its allegations of infringement open-ended by saying that Graco's accused stroller products "infringe[ ] *at least* claim 1 and 13 of the '748 patent." (Compl. ¶ 11 (emphasis added).) In other words, Jemaco claims that Graco's (named and unnamed) strollers may infringe yet other, unspecified claims of the 16-claim patent, but provides no indication about which additional patent claims it may be asserting. Under *Twombly* and *Iqbal*, "Plaintiffs must detail how each claim is infringed." *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15CV478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016). Jemaco neither identifies which other claims it may be asserting nor describes how the scope of the asserted claims cover any accused stroller. Accordingly, to the extent Jemaco claims relief for infringement of patent claims other than 1 and 13, those claims should be dismissed.

### B.     Jemaco's Complaint Fails to Adequately Plead Direct Infringement

Even where Jemaco alleges infringement of '748 patent claims 1 and 13 by certain (somewhat identified) products, Jemaco still fails to meet minimum pleading standards. Rather than identify specific features of each accused stroller and explain how those features correspond to the asserted claims' elements, Jemaco simply provides a paraphrased list of claim elements. (Compl. ¶¶ 12-13.) This listing amounts to nothing more than a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Under *Iqbal*, that "do[es] not suffice." *Id.*

Although some of the features of the accused strollers may be readily apparent, others are

not. For example, each of claims 1 and 13 require that when the claimed seat is in a sitting condition, the seat "precludes a child from standing on the step." (Compl. Ex. A 4:51-55 (claim 13); *see also id.* 3:59-63 (claim 1) ("disposed so as to preclude a child from standing on said step").) Nowhere does Jemaco identify a specific seat on a specific stroller model or indicate how that seat "precludes a child from standing on the step." (*See generally* Compl.) Many strollers today, including those named in Jemaco's Complaint, do not have a single configuration or even a single seat. They are designed to convert for different uses at different times and to be used in various modes with single or multiple children of various sizes. Just by example, attached as Exhibit A is a demonstration of the types of modes in which Graco's Ready2Grow strollers can be used.

As it stands, Jemaco's Complaint simply is insufficient to provide Graco with adequate notice of the allegations against it. Even before the abolition of Form 18, several courts found that, while notice pleading may not require that the pleader allege a "specific fact" to cover every element of a claim, "a complaint must include 'either direct or inferential allegations respecting all the ***material elements necessary to sustain a recovery*** under some viable legal theory.'" *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (emphasis added); *see also Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008); *Roberts v. Caesar's Ent., Inc.*, 72 F.Supp.3d 575, 581 (E.D. Pa. 2014). Because the Complaint does not describe how features of any Graco stroller read on these elements of the claims, the Complaint effectively offers no more than "unadorned, the-defendant-unlawfully-harmed-me" allegations that fall far short of the *Twombly/Iqbal* standard. *Iqbal*, 556 U.S. at 678; *see also Medsquire LLC v. Spring Medical Sys. Inc.*, No. 2:11-cv-04504-JHN-PLA, 2011 WL 4101093, at *2 (C.D. Cal. Aug. 31, 2011)

(dismissing complaint, citing *Iqbal* and *Twombly*, when the plaintiff's direct infringement allegations amounted to nothing more than "conclusory legal allegations cast in the form of factual allegations"). Jemaco's Complaint thus does not plausibly allege that Graco's products read on any of the asserted patent's claims. Instead, the Complaint simply surmises that claims 1 and 13 have been infringed by reciting the elements of those claims, unmoored to features of the accused products.

### C.   Jemaco's Complaint Fails to Adequately Plead Willfulness, Knowledge, or That This Case Is Exceptional Under 35 U.S.C. § 285

Jemaco's Complaint does not state a plausible claim that Graco willfully infringed the '748 Patent (Compl. ¶ 15) or that enhanced damages are warranted because the case is exceptional (*id.* ¶ C). At most, Jemaco pleads summarily that "Graco's infringement was willful [because] Graco had actual knowledge of the '748 patent," without any factual support, which is not enough to satisfy minimum pleading standards. (Compl. ¶ 15.)

First, as explained in Justice Breyer's concurrence in the recent decision *Halo Electronics, Inc. v. Pulse Electronics, Inc., et al.*, No. 14-1513, 579 U.S. __, Slip Op. at 1 (Breyer, J., concurring), knowing about an asserted patent, without more, does not mean that enhanced damages are warranted. Pre-*Seagate*[3] decisions (generally lauded by the Supreme Court in *Halo*) also make clear that awareness of a patent alone does not justify enhanced damages. *E.g.*, *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004) (knowledge of patentee's patents not enough). Yet knowledge of the '748 patent is all that Jemaco pleads.

---

[3] Until *Halo*, the leading case on "willful infringement" and the award of enhanced patent infringement damages was *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). *Seagate* was overturned by the U.S. Supreme Court in *Halo Electronics, Inc. v. Pulse Electronics, Inc., et al.*, No. 14-1513, 579 U.S. __ (2016).

(Compl. ¶ 15.) That single allegation, even if true, does not "raise [Jemaco's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also id.* at 556 (stating that identifying "parallel conduct" does not suffice to state a claim).

Furthermore, Jemaco's single declaration that "Graco had actual knowledge of the '748 patent" is made without any factual support to make the claim plausible. Though conclusions can provide a framework for a complaint, such conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. Jemaco provides absolutely no support for this summary assertion. When did Graco obtain this purported knowledge? From whom? How was notice provided? What evidence is there of Graco's purported knowledge? A "naked assertion" of knowledge like this one—devoid of "further factual enhancement"—does not satisfy the pleading standards to render a willfulness claim plausible. *See id.* at 678 (quoting *Twombly*, 550 U.S. at 554). Jemaco has provided no basis on which this Court can reasonably infer that Graco willfully infringed the '748 patent, as it must for the claim to survive this 12(b)(6) motion to dismiss. *See Bowlby*, 681 F.3d at 217.

Finally, all the statements in Complaint ¶ 15 are made "upon information and belief." (*Id.*) Allegations made purely on "information and belief," without supporting facts, are not given weight in the *Iqbal/Twombly* pleading analysis. *See, e.g., Twombly*, 550 U.S. at 551, 555, 564-70; *Verde v. Stoneridge, Inc.*, 137 F. Supp. 3d 963, 980 (E.D. Tex. 2015) (holding a complaint did not "raise a right to relief above the speculative level" where the allegation of a contractual relationship was stated "based upon information and belief" without any additional facts consistent with that assertion). That leaves Jemaco with no allegation at all in support of its willfulness claim.

12

For any and all of these reasons, Jemaco's willfulness claim should be dismissed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Graco respectfully requests that the Court grant this motion and dismiss Jemaco's Complaint.

By: *Michael Smith*

Michael C. Smith
TX State Bar No. 18650410

SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
Marshall, Texas  75670
Phone: 903-938-8900
Fax: 972-767-4620
michaelsmith@siebman.com

Mary Katherine Bates (*pro hac vice* pending)
GA Bar No. 384052
Gregory Carlin (*pro hac vice* pending)
GA Bar No. 455865

MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
kbates@mcciplaw.com
gcarlin@mcciplaw.com

*Counsel for Defendant Graco Children's Products Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 21, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Michael C. Smith